[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11427
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cr-00040-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LETISHA LUSHANE GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 17, 2014)

Before MARTIN, JULIE CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Letisha Graham appeals the 30-month sentence imposed as substantively unreasonable based on the district court's decision to make it consecutive to an undischarged term of imprisonment.  After review, we affirm.

I.

Graham and Kenya Travis were found in possession of counterfeit Federal Reserve notes during a traffic stop in Lowndes County, Georgia.  They were both indicted for, and later pleaded guilty to, one count of possession of counterfeit currency, in violation of 18 U.S.C. § 472.

According to the presentence investigation report (PSI), in July 2013, Graham was sentenced to 21 months' imprisonment in the Middle District of Florida in connection with charges that she passed counterfeit Federal Reserve notes in Florida.  She was incarcerated on that charge when she was taken into custody for the instant offense.  The probation officer calculated Graham's total offense level as 11 and determined her criminal history to place her in criminal history category VI.  The resulting advisory guidelines range was 27 to 33 months' imprisonment.  The probation officer noted that, under U.S.S.G. § 5G1.3(c), the court could impose a sentence concurrent or consecutive to the Florida term of imprisonment Graham was currently serving.

Graham raised no objections to the PSI, but she requested a sentence that would run concurrently with the sentence already imposed in Florida.  At

2

sentencing, defense counsel informed the court that Graham had experienced a difficult childhood, including physical and sexual abuse, and drug abuse by her parents. Following her mother's death in 2001, Graham became responsible for raising her younger siblings, along with her own children. She had been diagnosed with depression and had attempted suicide in the past.

After noting Graham's history of numerous driving offenses, the court stated that it had considered the sentencing factors in 18 U.S.C. § 3553(a) and made an "individualized assessment based on the facts presented." The court imposed a sentence of 30 months' imprisonment, to run consecutively to the undischarged Florida sentence. Graham objected to the consecutive sentence on the ground that the court had not adequately considered the § 3553(a) factors. This is Graham's appeal.

## II.

Graham challenges her sentence as substantively unreasonable because it consisted of consecutive, rather than concurrent, terms of imprisonment.[1] She contends that the sentence imposed is greater than necessary to comply with § 3553(a).

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We also review

---

[1]  Graham does not argue that the district court committed any procedural sentencing error.

a district court's imposition of a consecutive sentence for abuse of discretion. *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009); *see also Setser v. United States*, 566 U.S. ___, ___, 132 S. Ct. 1463, 1468 (2012) (whether an imposed sentence will run concurrently or consecutively to sentences imposed in other proceedings is committed to the sentencing judge's discretion).  We determine the substantive reasonableness of a sentence by ensuring that the trial court did not fail to consider the relevant factors, give significant weight to an improper factor, or commit a clear error of judgment.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Graham bears the burden of showing her sentence is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.  18 U.S.C. § 3584(a).  To determine whether to impose a sentence concurrently, partially concurrently, or consecutively to an undischarged term of imprisonment, the court should consider the factors in 18 U.S.C. § 3553(a). *Id.* § 3584(b); U.S.S.G. § 5G1.3(c).  Both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times."  *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

4

Section 3553(a) requires the district court to impose a sentence "sufficient, but not greater than necessary" to comply with the factors in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The sentencing court is not required to discuss the § 3553 factors, or even explicitly state that it has considered them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). If the court does explicitly state that it considered the required factors, however, that statement alone is sufficient to establish that the court did, in fact, consider them. *Id.*

Here, we conclude that the district court adequately and properly considered the required sentencing factors, as evidenced by the court's explicit statement that it considered the factors and made an "individualized assessment based on the facts

5

presented."[2]  In essence, Graham's complaint is that the court should have given greater weight to her history and childhood.  But we do not reweigh the factors, *Irey*, 612 F.3d at 1261, and we cannot agree that the court committed a clear error of judgment.  Our case law evinces a preference for consecutive terms of imprisonment when sentences are imposed at different times.  Thus, the district court did not abuse its discretion, and Graham has not met her burden to show that her sentence is substantively unreasonable.

**AFFIRMED.**

---

[2]  Graham does not argue that the court failed to adequately explain its reasoning.  Rather, she argues only that "the record is unclear whether the court gave adequate consideration to whether a concurrent or partially concurrent sentence would have adequately accomplished" the sentencing goals.  (Blue Brief at 12).  The court's statement that it considered the factors and made an individualized assessment is sufficient under our precedent.